TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Tamer.Botros@usdoj.gov

*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTONIO RUNCO and JACQUELINE RUNCO, Individually and as Successors in Interest of the Estate of REED ANTHONY NORRIS, Decedent,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE NATURE CONSERVANCY, a non-profit organization; TRIBAL ECORESTORATION ALLIANCE, a non- profit organization; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:26-cv-01095-RFB-BNW<br><br>**United States of America's UNOPPOSED Retroactive Motion to Extend Time to Answer Plaintiffs' Complaint (ECF No. 1)**<br><br>**(Fifth Request)** |

Federal Defendant United States of America ("United States"), on behalf of the Bureau for Land Management ("BLM"), by and through the undersigned AUSA, moves this Court for a retroactive extension of time to answer the Complaint filed by *pro se* Plaintiffs Antonio Runco and Jacqueline Runco, extending the time for the United States to respond from October 23, 2026, up to and including today, **November 18, 2026**.

This retroactive extension is necessary because the undersigned AUSA inadvertently overlooked the prior filing deadline, and that failure to timely file was not discovered until the Court's minute order entered on November 13, 2026. That same day, the USAO emailed *pro se* Plaintiffs requesting a retroactive extension until today, November 18, 2026. *Pro se*

Plaintiffs responded that they do not oppose the requested extension through November 18. This is the United States's fifth request for an extension of time to answer *pro se* Plaintiffs' complaint (ECF No. 1). This request is made in good faith and not for the purpose of any undue delay.

**Memorandum of Points and Authorities**

Under Federal Rule of Civil Procedure 6(b)(1)(B), the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The Ninth Circuit applies the following four-factor equitable test to determine whether a party's failure to meet a deadline constitutes "excusable neglect:" (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). This inquiry is equitable and requires consideration of all relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Even where the reason for delay is imperfect, excusable neglect may be found when the delay is minimal, non-prejudicial, and not undertaken in bad faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000).

First, the United States submits that *pro se* Plaintiffs will not be unduly prejudiced by this delay because *pro se* Plaintiffs do not oppose the United States filing its answer today. Federal Defendants do not seek this delay in bad faith or for any undue purpose. Second, Federal Defendants further submit that the impact on the proceedings because of the delay should be negligible because there is no hearing or conference set pertaining to this matter. Third, the reason for the untimely delay in answering was because of an inadvertent oversight by the undersigned AUSA. Undersigned AUSA has needed to prioritize various immigration habeas hearings and habeas filings with significantly abbreviated filing schedules for the government — in addition to continued staffing shortages in the USAO-NV among both attorneys and paralegals — and on October 23, 2026, this deadline was overlooked amid the approximately two dozen other deadlines on undersigned AUSA's

calendar. Fourth, regarding the United States's good faith, the filing oversight was accidental, and undersigned AUSA acted promptly upon realizing the failure to file and conferred with *pro se* Plaintiffs, demonstrating diligence and professionalism under the circumstances as well as showing that the United States was not acting with the intent to prejudice or delay the proceedings. These factors, alone or in combination, warrant a finding that the United States has met the standard for excusable neglect.

Consistent with the Ninth Circuit's directive that Rule 6(b) "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits" rather than on technical defaults (*Ahanchian*, 624 F.3d at 1260–61), the United States submits that these circumstances warrant relief. Granting this motion will serve the interests of justice and judicial efficiency without rewarding bad faith or causing delay, and denying an answer extension to November 18, 2026, would unduly prejudice the United States.

If this motion for a retroactive extension of time is granted, the new deadline for the United States to answer *pro se* Plaintiffs' Complaint will be today, **November 18, 2026**. Given undersigned AUSA's diligence, the potential prejudice to the United States without a response, and *pro se* Plaintiffs' consent to such extension, good cause exists for requested extension.

/ / /

For the foregoing reasons, the United States respectfully requests that the Court grant this motion for a retroactive extension of time to answer *pro se* Plaintiffs' complaint (ECF No. 1).

Respectfully submitted this 18th day of November 2026.

TODD BLANCHE
United States Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney

**ORDER**

Excusable neglect appearing, this Court GRANTS Defendant's motion to extend time. Fed. R. Civ. P. 6.

**United States Magistrate Judge**

**Dated:** November 20, 2026